**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

|  |  |  |
|---|---|---|
| JEANE L. DINTELMAN | * | |
| Plaintiff | * | |
| VS. | * | |
| UNITED STATES OF AMERICA | * | |
| Defendant | * | |
|  | * | NO: 3:07CV00081  SWW |
| UNITED STATES OF AMERICA | * | |
| Counter Claimant | * | |
| VS. | * | |
| JEANE L. DINTELMAN and JIM L. DINTELMAN | * | |
| Counter Defendants | * | |

**ORDER**

Plaintiff Jean L. Dintelman commenced this suit for return of funds and abatement of penalty assessments by the Internal Revenue Service, and the United States filed a counterclaim naming Jean L. Dintelman and Jim L. Dintelman as counter-defendants.  Now before the Court is the United States' motion for a default judgment against separate counter-defendant Jim. L. Dintelman.  As explained below, although the Court finds Jim L. Dintelman to be in default, the

1

Court finds that he should have an opportunity to be heard on the issue of damages before a default judgment is entered against him.

In her complaint, Jeane L. Dintelman claims that the IRS made erroneous and illegal assessments against her and "arbitrarily, capriciously and erroneously" levied her funds. Dintelman seeks, among other things, the return of funds seized and an order directing the IRS to abate all unpaid balances of the penalties assessed against her.

The United States filed a counterclaim against Jeane L. Dintelman *and* Jim L. Dintelman, husband and wife, alleging that they willfully failed to collect, account for, and pay over to the United States federal employment taxes withheld from the wages of employees for the following periods: (1) the fourth quarter of 2002; (2) the first quarter of 2003; (3) the second quarter of 2003; and (4) the third quarter of 2003.

The United States further alleges that the IRS assessed trust fund recovery penalties against the Dintelmans, pursuant to the 26 U.S.C. § 6672, in the amount of $82,131.97 for the aforementioned accounting periods. According to the counterclaim allegations, credits have been applied to the assessment, reducing the total balance remaining to $63,012.36, and the balance plus accrued interest remains due and owing.

On November 8, 2007, Jeane L. Dintelman filed an answer to the counterclaim. The return of service as to Jim L. Dintelman shows that he was personally served with a copy of the counterclaim pleading and summons on November, 7, 2007. On January 16, 2008, the United States requested an entry of default on the ground that Dintelman failed to plead or otherwise defend against the counterclaim. Because Jim. L. Dintelman failed to appear or answer the counterclaim within 20 days of service as required under Fed. R. Civ. P. 12(a), the Clerk

properly entered default against Jim L. Dintelman (docket entry #20).[1]

On May 19, 2008, the United States filed a motion for a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure, requesting that the Court enter default judgment against Jim L. Dintelman for $82,215.96 plus statutory interest accruing from the date of assessment.  According to the electronic receipt associated with the motion, the United States sent a copy of the motion to counsel for Jeane L. Dintelman.  Although Jim L. Dintelman has not made an appearance in this case, the Court finds that before a money judgment is entered against him, he should receive an opportunity to be heard on the issue of damages.[2] Accordingly, the Court will direct the Clerk to mail Jim L. Dintelman a copy of the motion for default judgment and the supporting brief, as well as the addendum filed on May 20, 2008.

IT IS THEREFORE ORDERED that Counter Defendant Jim L. Dintelman has up to and including twenty (20) days from the entry date of this order to notify the Court if he desires to be heard on the issue of damages.  Otherwise, the Court enter will enter judgment against Jim L. Dintelman in the amount $82,215.96, plus interest and statutory additions.

The Clerk is directed to mail a copy of this order, the United States' motion for default judgment (docket entry #23), brief in support (docket entry #24) , and addendum (docket entry #25)  to Counter Defendant Jim L. Dintelman at the address set forth below by (1) regular mail and (2) certified mail, return receipt requested:

---

[1]When a party has failed to plead or otherwise defend, entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).  *See Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir.1998).

[2]Because Jim L. Dintelman has defaulted, the factual allegations in the complaint, with the exception of damages, are taken as true.

      Jim L. Dintelman
      c/o Elite Medical Service, Inc.
      P. O. Box 844
      Lake Village, AR 716523

IT IS SO ORDERED THIS 4TH DAY OF JUNE, 2008.


                /s/Susan Webber Wright

                UNITED STATES DISTRICT JUDGE